UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Johnny Keeling,  Civil File No. 08-5249 (PAM/SRN)

    Plaintiff,

v.  **REPORT & RECOMMENDATION**

Commissioner of Corrections,
Lynn Knowles and Dr. Paulson,

    Defendants.
_____

    Johnny Keeling, *pro-se*, 1101 Linden Lane, Faribault, MN 55021.

    Kelly Kemp, Minnesota Attorney General's Office, Suite 1100, 445 Minnesota St., St. Paul, MN 55101, for Defendants.
_____

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion to Cease and Desist [Doc. No. 8]. For the reasons set forth below, the Court recommends that Plaintiff's Motion to Cease and Desist be denied and the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    Statement of Facts**

Plaintiff, formerly a prisoner incarcerated at Minnesota Correctional Facility (MDF)-Faribault, has brought this action for violation of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that in April of 2008 when he was incarcerated at MCF-Lino Lakes, he was diagnosed with Hepatitis C but was denied medical treatment for the condition from Defendants.

After this lawsuit was filed, Plaintiff was transferred to MCF-Faribault. In the Motion to Cease and Desist, Plaintiff asserts that employees at MCF-Faribault received

1

Plaintiff's legal paperwork from MCF-Lino Lakes, but retained the paperwork instead of providing it to Plaintiff. Additionally, Plaintiff contends that MCF-Faribault staff threatened that they would not provide Plaintiff with the legal paperwork if he did not drop the instant case. Plaintiff states, however, that approximately one month after arriving at MCF-Faribault, he was given the legal paperwork. After this lawsuit and the Motion to Cease and Desist were filed, Plaintiff was released from incarceration as of June 15, 2009.

## II. Analysis

### A. Plaintiff's Motion to Cease and Desist Should Be Denied.

Liberally construing this *pro se* motion, the Court understands Plaintiff to be seeking an injunction or temporary restraining order (TRO) because of the alleged retaliatory acts of certain MCF-Faribault employees. When a prisoner is no longer subjected to an allegedly unconstitutional or unlawful course of action, the prisoner's claims for declaratory and injunctive relief are moot. Pratt v. Corr. Corp. of Am., 267 Fed. Appx. 482, 2008 WL 612571, *1 (8th Cir. 2008) (table decision) (concluding inmate's 1983 claims for declaratory and injunctive relief were moot when he was transferred to another facility and was no longer subject to alleged unlawful conditions); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (same). Plaintiff's claim for injunctive relief is now moot because he has received the legal paperwork he requested. Additionally, Plaintiff has been released from prison and therefore is no longer subject to any retaliatory acts by Defendants. Because this Court cannot grant Plaintiff the relief he is requesting, Plaintiff's motion for injunctive relief is moot and the motion should be denied.

Plaintiff's Motion to Cease and Desist also seeks $100,000 in compensatory damages. Monetary damages, however, are generally not available in a motion for a preliminary injunction or TRO. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987); United Health Group Inc. v. Mesa, No. 07-3952, 2007 WL 2872382, *2 (D. Minn. Sept. 27, 2007). Plaintiff's motion should be denied because he is not entitled to monetary damages in his motion for injunctive relief.

### B. Plaintiff's Complaint Should Be Summarily Dismissed.

Pursuant to the Prison Litigation Reform Act (PLRA), a court may dismiss an IFP prisoner's action, at any time, if the court determines the action fails to state a claim for which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

In order for a federal court to have jurisdiction over a case, there must be a live case or controversy at the time the case is decided. U.S. Const. art. III, § 2. Hempstead County Hunting Club, Inc. v. Southwestern Elec. Power Co., 558 F.3d 763, 767 (8th Cir. 2009); In re Paulson, 276 F.3d 389, 391 (8th Cir. 2002). When a prisoner is no longer subjected to the allegedly unconstitutional policy, the prisoner's claims for declaratory and injunctive relief are moot. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (holding inmates' claims for injunctive relief alleging deliberate indifference to medical needs became moot once inmates were released from prison); Smith, 190 F.3d at 855. Under the PLRA, a court may dismiss a case for failure to state a claim when the action becomes moot because of a prisoner's release or transfer to another facility. Anyanwu v. Minn. Dept. of Health, No. 05-1083, 2005 WL 1719347, *2 (D. Minn. June 20, 2005).

Because he is no longer incarcerated, this Court cannot grant Plaintiff the injunctive or declaratory relief he seeks and his claims should be dismissed as moot.

Plaintiff also asserts a claim for compensatory damages from Defendants, which likewise should be dismissed. Governmental officials may be sued under section 1983 in their official capacity, individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). In a section 1983 action, the general rule in the Eighth Circuit is that the Plaintiff must clearly indicate whether he or she is suing the defendants in their official capacities or individual capacities. Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989). When a plaintiff does not articulate the capacity in which he or she intends to sue the defendants, case law directs the district court to presume that the defendants are being sued only as government officials. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007); Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). This rule has been applied to *pro-se* plaintiffs, even though *pro-se* complaints are to be construed liberally. Bailey v. County of Kittson, No. 07-cv-1939, 2008 WL 906349, *5 (D. Minn. March 31, 2008) (citing Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); Taylor v. Roper, 83 Fed. Appx. 142, 143 (8th Cir. 2003) (unpublished)).

In this case, Plaintiff's Complaint is silent as to whether he is suing Defendants in their individual or official capacity. Therefore, the Court must presume that Plaintiff is only suing Defendants in their official capacity. It is well-settled, however, that in a 42 U.S.C. § 1983 action, the Eleventh Amendment precludes an award of money damages against a state official acting in his or her official capacity. Will v. MI. Dept. of State

Police, 491 U.S. 58, 66-67, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1998); Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d 662-63 (1974); Larson v. Kemper, 414 F.3d 936 (8th Cir. 2005).  Given that Plaintiff's compensatory damages claim is only asserted against Defendants in their official capacities, those claims should be dismissed because Defendants are immune from claims for monetary damages.

### III. Recommendation

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Motion to Cease and Desist [Doc. No. 8] be **DENIED**; and

2. This Action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated:  July 31, 2009            _s/ Susan Richard Nelson_____
                                 SUSAN RICHARD NELSON
                                 United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 12, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.